**The document below is hereby signed.**

**Dated: April 23, 2012.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
              UNITED STATES BANKRUPTCY COURT
               FOR THE DISTRICT OF COLUMBIA
```

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| | ) | Case No. 10-00771 |
| SHEILA RAWLINGS and CHARLES | ) | (Chapter 7) |
| L. RAWLINGS, SR., | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| | ) | |
| BRYAN S. ROSS, TRUSTEE, | ) | |
| | ) | Adversary Proceeding No. |
| Plaintiff, | ) | 12-10008 |
| | ) | |
| v. | ) | |
| | ) | |
| CHARLES L. RAWLINGS, SR., | ) | Not for publication in |
| and GREGORY L. LATTIMER, | ) | West's Bankruptcy Reporter. |
| ESQ., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM DECISION AND ORDER
<u>DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>

This is a proceeding regarding a civil action commenced in 2007 in the United States District Court for the District of Columbia, which was pending at the time of the commencement in 2010 of the bankruptcy case of Charles L. Rawlings, Sr. ("Rawlings") and his wife. The civil action addressed claims

arising from the wrongful death of Rawlings' son, DeOnte Rawlings ("DeOnte").

Gregory L. Lattimer was retained by Rawlings in both his personal capacity and in his capacity as personal representative of the estate of DeOnte.  After the bankruptcy case was filed, the chapter 7 trustee, Bryan S. Ross, filed an application to employ Lattimer to represent the bankruptcy estate's interests in pursuing the litigation, and obtained an order authorizing Lattimer to continue to represent Ross with respect to Rawlings' claims that had become property of the bankruptcy estate.  In support of the application, Ross filed Lattimer's verified statement in which he stated:

> Lattimer has represented the Debtor Charles Rawling individually and as the co-personal representative of the estate of DeOnte Rawlings in a wrongful death action filed in the United States District Court for the District of Columbia prior to the filing of bankruptcy.

Lattimer was required to report to the Office of the United States Trustee any fees paid in connection with the representation of Ross.

After that employment was authorized, Ross's complaint alleges, Lattimer entered into a settlement on behalf of the plaintiffs in the civil action.  The only recovery under that settlement was on behalf of DeOnte's estate.  Ross's complaint characterizes the settlement as sacrificing the bankruptcy estate's claims that were being pursued in the civil action to

2

the detriment of the bankruptcy estate in order to recover only upon the claim held by Rawlings in his representative capacity.

Even if the settlement could be viewed as proper, some of the proceeds it generated are property of the bankruptcy estate. The defendants acknowledge that Rawlings "received his equitable share of the Estate funds as a beneficiary thereunder that has been held in an escrow account on his behalf." Mtn. ¶ 4.

Lattimer obtained no approval from this court to enter into a settlement that dismissed the claims of Rawlings that were property of the estate; none of the proceeds have been disbursed to Ross; and, according to the complaint, the defendants have not given Ross a copy of the settlement agreement or a full accounting, including an accounting of any attorney's fees paid to Lattimer.

This gave rise to this adversary proceeding in which Ross sued Rawlings and Lattimer for a turnover of funds that rightfully should have been the bankruptcy estate's and for a full accounting regarding the settlement.

The defendants seek summary judgment on the basis that Ross did not hold the claims of DeOnte's estate, and thus has no basis for pursuing claims regarding the settlement of the claims of DeOnte's estate. This misperceives Ross's claims. Those claims arise from (1) the claims of Rawlings in the civil action that had become property of the estate, and with respect to which

3

Lattimer had been employed to represent Ross's interests, and (2) Rawlings' beneficial interest in DeOnte's estate that had become property of the bankruptcy estate.  Reading the complaint in a light favorable to Ross, and assuming the allegations are correct, leads to these conclusions:

- Ross is entitled to a full copy of the settlement agreement in order to assess whether it substantially worked to the detriment of the bankruptcy estate (for example, because a recovery by DeOnte's estate would be subject to costs of administration before any distribution to Rawlings, whereas a recovery by Rawlings individually would not be).

- Similarly, Ross is entitled to pursue setting aside the settlement if he views it as not having been in the best interests of the estate, and may have a claim against Rawlings and Lattimer for entering into a settlement that was adverse to the interests of the estate.

- Ross is entitled to recover whatever distribution to which Rawlings was entitled from DeOnte's estate as that interest of Rawlings had become property of the estate.

- Ross is entitled to a full accounting regarding the settlement proceeds, as he stands in Rawlings' shoes as

to (1) Rawlings' individual claims in the civil action and (2) Rawlings' interests in DeOnte's estate. As to the latter point, the motion for summary judgment includes a Distribution Statement that states that $361,352.17 was the settlement amount owed to Rawlings. That does not amount to a full accounting regarding the settlement, and there is no explanation for how the $361,352.17 figure was arrived at.[1] The motion for summary judgment fails to establish facts rebutting the allegations of the complaint. It is thus

ORDERED that the defendants' motion for summary judgment is DENIED.

[Signed and dated above.]

Copies to: All counsel of record.

---

[1] The Distribution Statement asserts deductions against the $361,352.17 for services of what appear to be criminal law attorneys handling criminal trials relating to George Rawlings and Charles Rawlings, Jr. (not the debtor, Charles Rawlings, Sr.) and $5,800.00 in unidentified advances by Lattimer. That raises obvious concerns as the bankruptcy estate would be entitled to the full $361,352.17 without deduction for criminal trials if there was no perfected security interest in favor of the criminal law attorneys against Rawlings' distribution rights and if Lattimer does not account for his advances.

5