**The document below is hereby signed.**

**Dated: July 19, 2012.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
             UNITED STATES BANKRUPTCY COURT
              FOR THE DISTRICT OF COLUMBIA

In re                           )
                                )
                                )   Case No. 10-00771
SHEILA RAWLINGS and CHARLES     )   (Chapter 7)
L. RAWLINGS, SR.,               )
                                )
             Debtor.            )
_____  )
                                )
                                )
BRYAN S. ROSS, TRUSTEE,         )
                                )   Adversary Proceeding No.
             Plaintiff,         )   12-10008
                                )
        v.                      )
                                )
CHARLES L. RAWLINGS, SR.,       )   Not for publication in
and GREGORY L. LATTIMER,        )   West's Bankruptcy Reporter.
ESQ.,                           )
                                )
             Defendants.        )
```

MEMORANDUM DECISION AND ORDER
<u>ORDER TO SUPPLEMENT MOTION FOR DEFAULT JUDGMENT</u>

The defendants have opposed the motion for default judgment by contending that it did not comply with LBR 7055-1(b). In addition, the plaintiff has not filed a proposed form of default judgment. In that regard, the court previously suggested a default judgment that could recite, in part, that it is:

ORDERED that the settlement agreement having been entered into without the approval of the bankruptcy court, the allocations of the settlement agreement's proceeds made by the settlement agreement are not binding on the bankruptcy estate, and **Ross is entitled to demonstrate that if a jury in the civil action had made an award in the amount of the settlement agreement, it would have made different allocations of the amount than were made by the settlement agreement, and to obtain an order that re-allocates the settlement proceeds based on how a jury would have allocated the settlement proceeds.** It is further

ORDERED that the trustee is alternatively entitled to pursue setting aside the settlement agreement in its entirety (by suing the party that was the defendant in the district court to set aside the settlement agreement as not having been authorized by the bankruptcy court). It is further

ORDERED that **if the trustee is content to allow the aggregate amount of the settlement to stand, but not to allow the allocations of that amount to stand**, then within 49 days after the entry of this judgment, the plaintiff shall contact the clerk's office to **set a hearing to take evidence to establish the amount of settlement proceeds that should be treated as property of the estate based on how a jury likely would have allocated an award (equal in amount to the aggregate settlement amount fixed by the settlement agreement) as between the debtor and DeOnte's estate in the district court civil action.** It is further

ORDERED that in the event that the plaintiff determines based on the information he receives pursuant to this order to pursue setting aside the settlement agreement *in toto* or to pursue claims against the present defendants for entering into an unauthorized settlement agreement, the plaintiff shall within 49 days after entry of this judgment file an amended complaint to assert such claims, and **(if the amended complaint seeks to set aside the settlement agreement) joining the defendant in the civil action as a party,** with the amended complaint to request the setting of a scheduling conference.

[Emphasis added.]  I have had second thoughts regarding what

happens if, as between the plaintiff and the defendants, the

2

settlement agreement is held to have been unauthorized.

First, if the trustee seeks to set aside the settlement agreement *in toto*, that will not be of any effect unless the order concluding the civil action is vacated.  It may be that it is in the district court that a request to set aside the settlement agreement must be pursued.

Second, if the settlement agreement was not authorized, and the trustee does not pursue vacating the order concluding the civil action, I am not sure that there will be an automatic right to reallocate the settlement proceeds.  It may be that the trustee's only remedy, if he is unhappy with how the settlement allocated the proceeds between the plaintiffs in the civil action, is to pursue a damages claim against the defendants for acting against his interests.  If DeOnte's estate was innocent and Lattimer is the defendant at fault for having entered into the unauthorized settlement, DeOnte's estate may not be liable for damages, and may be entitled to assert that it does not consent to revision of a settlement that called for distribution of *all* of the settlement proceeds to that estate.  In that event, the trustee would not be entitled to a reallocation of the settlement proceeds, and would need to pursue vacating the order concluding the civil action in order to pursue his claims in the civil action free of the terms of the settlement.

Accordingly, the trustee should take those concerns into

account in drafting a default judgment.

It is

ORDERED that within 14 days after entry of this order, the trustee:

    (1) shall supplement his motion for default judgment to comply with LBR 7055-1;

    (2) shall supplement his motion for default judgment by filing a proposed default judgment; and

    (3) may file any reply he wishes to file to the opposition to his motion for default judgment.

It is further

ORDERED that within 7 days of the trustee filing the foregoing papers, the defendants may file an opposition to the motion for default judgment as thereby supplemented, and the trustee may file a reply thereto within 7 days after the filing of the opposition.

    [Signed and dated above.]

Copies to: All counsel of record.