**The document below is hereby signed.**

**Dated: September 5, 2012.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
             UNITED STATES BANKRUPTCY COURT
              FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
                               )
SHEILA RAWLINGS and CHARLES    )   Case No. 10-00771
L. RAWLINGS, SR.,              )   (Chapter 7)
                               )
              Debtor.          )
_____)
                               )
                               )
BRYAN S. ROSS, TRUSTEE,        )
                               )
              Plaintiff,       )
                               )
           v.                  )   Adversary Proceeding No.
                               )   12-10008
CHARLES L. RAWLINGS, SR.,      )
and GREGORY L. LATTIMER,       )
ESQ.,                          )
                               )   Not for publication in
              Defendants.      )   West's Bankruptcy Reporter.
```

MEMORANDUM DECISION AND ORDER
<u>DENYING DEFENDANTS' MOTION FOR STAY PENDING APPEAL</u>

The defendants seek a stay pending appeal of the default judgment entered against them (and pending the appeal of an earlier interlocutory order denying a motion to dismiss). The motion for a stay will be denied.

I

This adversary proceeding relates to a civil action commenced in 2007 in the United States District Court for the District of Columbia, which was pending at the time of the commencement in 2010 of the bankruptcy case of Charles L. Rawlings, Sr. ("Rawlings") and his wife.  The civil action addressed claims arising from the wrongful death of Rawlings' son, DeOnte Rawlings ("DeOnte").

Gregory L. Lattimer was retained by Rawlings in both his personal capacity and in his capacity as personal representative of the estate of DeOnte.  The claims held by Rawlings in his personal capacity became property of the estate when Rawlings filed his bankruptcy case, as did his right to receive any distributions from the estate of DeOnte.  After the bankruptcy case was filed, the chapter 7 trustee, Bryan S. Ross, filed an application to employ Lattimer to represent the bankruptcy estate's interests in pursuing the litigation, and obtained an order authorizing Lattimer to continue to represent Ross with respect to Rawlings' claims in the civil action.  In support of the application, Ross filed Lattimer's verified statement in which he stated:

> Lattimer has represented the Debtor Charles Rawling[s] individually and as the co-personal representative of the estate of DeOnte Rawlings in a wrongful death action filed in the United States District Court for the District of Columbia prior to the filing of bankruptcy.

2

Lattimer was required to report to the Office of the United States Trustee any fees paid in connection with the representation of Ross.

After that employment was authorized, Ross's complaint alleges, Lattimer entered into a settlement on behalf of the plaintiffs in the civil action.  The only recovery under that settlement was on behalf of DeOnte's estate.  Ross's complaint characterizes the settlement as sacrificing the bankruptcy estate's claims that were being pursued in the civil action to the detriment of the bankruptcy estate in order to recover only upon the claim held by Rawlings in his representative capacity.

Even if the settlement could be viewed as proper, some of the proceeds it generated are property of the bankruptcy estate. In an unsuccessful motion for summary judgment, the defendants acknowledged that Rawlings "received his equitable share of the Estate funds as a beneficiary thereunder that has been held in an escrow account on his behalf."  Mtn. for Summary Jdgt. ¶ 4.

Lattimer obtained no approval from this court to enter into a settlement that dismissed the claims of Rawlings that were property of the estate; none of the proceeds have been disbursed to Ross; and, according to the complaint, the defendants have not given Ross a copy of the settlement agreement or a full accounting, including an accounting of any attorney's fees paid to Lattimer.

This gave rise to this adversary proceeding in which Ross sued Rawlings and Lattimer for a turnover of funds that rightfully are the bankruptcy estate's, for a full accounting regarding the settlement, and for a turnover of documents relating to the civil action, including the settlement agreement.

When Rawlings and Lattimer failed to answer the complaint, the court granted Ross's motion for default judgment. The default judgment decreed that it is:

> ADJUDGED, ORDERED AND DECREED that judgment be entered with respect to Count I of the Complaint as follows: In favor of the Trustee and against Charles Rawlings, Sr., defendant, that he shall immediately turn over to the Trustee, all funds, sums, moneys and proceeds of settlement he received, by distribution or any other manner, from the estate of DeOnte Rawlings, to which the Estate of DeOnte Rawlings had agreed to accept, and then did receive, pursuant to the settlement agreement described in the Complaint; and it is further
>
> ADJUDGED, ORDERED AND DECREED that judgment be entered with respect to Count II of the Complaint as follows: In favor of the Trustee and against Charles Rawlings, Sr., commanding Charles Rawlings, Sr., to account in writing, and in full, and in detail, to the Trustee, for every dollar of all money or money's worth, received and distributed or disbursed by him, in connection with the settlement and settlement agreement described in the Complaint; and it is
>
> ADJUDGED, ORDERED AND DECREED that judgment be entered with respect to Count II of the Complaint as follows: In favor of the Trustee and against Gregory A. Lattimer, Esq., commanding Mr. Lattimer, and all persons acting on his behalf and under his control and direction, to turn over to the Trustee all documents relating to the civil action for which he was retained with the approval of the Bankruptcy Court and in which he was representing Charles Rawlings, Sr., in any capacity, including, without limitation, the settlement agreement relating thereto, as described in the Complaint.

The defendants now seek a stay pending appeal, asserting only that the proceeding is not a "core proceeding" and that this court inappropriately issued a final judgment as opposed to submitting proposed findings of fact and conclusions of law to the District Court as contemplated by 28 U.S.C. § 157(c)(1).  For the reasons stated in Ross's opposition, I agree that the defendants have failed to satisfy the criteria for obtaining a stay pending appeal.  I only write to elaborate on why the defendants' assertion that this proceeding was not a "core proceeding," such as to deprive this court of authority to enter a final judgment, is frivolous.

                                II

In opposing the entry of a default judgment, the defendants argued that this was not a core proceeding that the bankruptcy court is authorized under 28 U.S.C. § 157(b)(1) to decide because a bankruptcy judge has no authority to hear and decide wrongful death related litigation.  *See* 28 U.S.C. § 157(b)(2)(O), defining "core proceeding" as including:

> proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, **except personal injury tort or wrongful death claims.**

[Emphasis added.]  *See also* 28 U.S.C. § 157(b)(5):

> The district court shall order that **personal injury tort and wrongful death claims** shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the

5

bankruptcy case is pending.

[Emphasis added.]

As the default judgment's terms make clear, however, this court did not decide a personal injury tort or wrongful death claim by Ross.  Accordingly, the default judgment did not adjudicate wrongful death claims that are expressly barred by statute from being treated as core proceedings that the bankruptcy court may adjudicate.

Instead, the default judgment adjudicated claims that go to the core of administering a bankruptcy case, namely, commanding the debtor, Rawlings, to turn over to Ross any sums paid to Rawlings by DeOnte's estate and to make an accounting regarding the proceeds of the settlement of the civil action, and commanding Lattimer, one of the bankruptcy estate's professionals, to turn over documents relating to the civil action (which would assist Ross, for example, in ascertaining the amount of any settlement payable to the bankruptcy estate, in evaluating the terms of the settlement and its fairness to the bankruptcy estate, and in tracking the disposition of the proceeds of the settlement).

By filing a bankruptcy case, Rawlings subjected himself to the obligation to turn over to Ross, as the bankruptcy trustee, all of the property of the estate he acquired during the course of the case, and to turn over to Ross any documents relating to

6

the property of the estate.  *See* 11 U.S.C. § 521(a)(3) (duty to cooperate with the trustee); § 521(a)(4) (duty to "surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate . . ."). Similarly, by being employed by Ross to represent the interests of the bankruptcy estate, Lattimer was obligated as Ross's attorney to assist Ross, as the trustee administering the bankruptcy estate, by turning over documents pertinent to the bankruptcy estate's claims in the civil action.[1]

Ross's claims are classic instances of claims "arising under" title 11 or "arising in" the bankruptcy case that fit within the subject matter jurisdiction of the district court under 28 U.S.C. § 1334(b),[2] and that were appropriately referred

---

[1]   It is troublesome that the defendants (and particularly Lattimer as an officer of the court) have stonewalled Ross by refusing to comply with their obligations upon Ross's request. This may present an issue in the main bankruptcy case regarding whether Lattimer's compensation should be reduced.

[2]   Section 1334(b) provides in relevant part:

> The district courts shall have original but not exclusive jurisdiction of all civil proceedings **arising under** title 11, or **arising in** or related to cases under title 11.

[Emphasis added.]

by local rule to the bankruptcy pursuant to 28 U.S.C. § 157(a).[3]
For example, the claims against Lattimer were plainly "arising in" claims:

> Claims "arising in" a case under title 11 "are limited to administrative matters that arise only in bankruptcy cases and have no existence outside of the bankruptcy proceedings." *In re U.S. Office Prods. Co. Sec. Litig.*, 313 B.R. 73, 79 (D.D.C. 2004). These "administrative matters" include a bankruptcy court's appointment, supervision, enforcement of appropriate standards of conduct, and approval of fees of professionals conducting themselves in a bankruptcy case. *See In re Akl*, 397 B.R. 546, 554 (Bankr. D.D.C. 2008) (citing *In re Southmark Corp.*, 163 F.3d 925, 931 (5th Cir.1999), cert. denied, 527 U.S. 1004, 119 S.Ct. 2339, 144 L.Ed.2d 236 (1999)); *see also, Seven Fields*, 505 F.3d at 260-61 [*Geruschat v. Ernst Young LLP (In re Seven Fields Dev. Corp.)*, 505 F.3d 237, 260-61 (3d Cir. 2007)]. Thus, claims based upon the conduct of court-appointed attorneys often fall within the "administrative matters" leading to "arising in" jurisdiction. *See, e.g., Capitol Hill Group v. Pillsbury Winthrop Shaw Pittman, LLP*, 569 F.3d 485, 489-90 (D.C. Cir. 2009), *aff'g* 2008 WL 2690731, *4 (D.D.C. July 2, 2008) ("arising in" jurisdiction existed where debtor's legal counsel had allegedly committed malpractice while representing debtor in non-bankruptcy proceedings before a municipal zoning board); *Grausz v. Englander*, 321 F.3d 467, 471-72 (4th Cir. 2003) (where legal malpractice claim was based upon alleged negligent failure to advise the plaintiff in the bankruptcy case); *In re A.H. Robins Co., Inc.*, 86 F.3d 364, 373 (4th Cir. 1996) (arising-in jurisdiction existed where attorney's fees to be paid in the bankruptcy were disputed); *D.A. Elia Constr. Corp. v. Damon & Morey, LLP*, 389 B.R. 314, 318 (W.D.N.Y. 2008)

---

[3] Section 157(a) provides:

Each district court may provide that any or all cases under title 11 and any or all proceedings **arising under** title 11 or **arising in** or related to a case under title 11 shall be referred to the bankruptcy judges of the district.

[Emphasis added.]

8

>   (holding there was "no doubt" that "arising in" jurisdiction existed where the claims were allegations of substandard legal service during a bankruptcy case).

*Kaiser Group Holdings, Inc. v. Squire Sanders & Dempsey LLP (In re Kaiser Group Int'l, Inc.),* 421 B.R. 1, 8 (Bankr. D.D.C. 2009). The claims, in turn, could be adjudicated by the bankruptcy court as core proceedings arising under title 11 or arising in the bankruptcy case. *See* 28 U.S.C. § 157(b)(1) ("Bankruptcy judges may hear and determine . . . all core proceedings **arising under** title 11, or **arising in** a case under title 11, . . . and may enter appropriate orders and judgments, subject to review under section 158 of this title." (emphasis added)). The term "core proceedings" includes, among other things:

- "matters concerning the administration of the estate" (28 U.S.C. § 157(b)(2)(A)),

- "orders to turn over property of the estate" (28 U.S.C. § 157(b)(2)(E)), and

- with an exception of no relevance here, "other proceedings affecting the liquidation of the assets of the estate" (28 U.S.C. § 157(b)(2)(O)).

Under those provisions, this was a core proceeding in which the bankruptcy judge was authorized to enter a final judgment.

It follows that the proceeding is *not*, as the defendants contend, only a "related to" non-core proceeding ("a proceeding that is not a core proceeding but that is otherwise related to a

case under title 11") within the meaning of 28 U.S.C. § 157(c)(1), such as to require, as provided by § 157(c)(1), that "the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court . . ." with a final judgment to be entered only by the district court.

III

In accordance with the foregoing, it is

ORDERED that the motion for a stay pending appeal is DENIED.

[Signed and dated above.]

Copies to: All counsel of record.